UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DAVID MICHOFF, | No. 2:17-cv-02584 CKD P |
| Plaintiff, | |
| v. | ORDER |
| EL DORADO COUNTY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has paid the appropriate filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

In his complaint, plaintiff alleges that El Dorado County Deputy Sheriff Colburn used excessive force to arrest him at his mother's house on two occasions by deploying a K9 officer even though plaintiff was on the ground, complying with orders, and was unarmed. ECF No. 1 at 3. According to plaintiff, defendant Colburn callously used his K9 partner to inflict harm on plaintiff. Id. Based on this conduct, plaintiff alleges that defendant Colburn violated plaintiff's rights under the Fourth Amendment and committed assault and battery on plaintiff, presumably in violation of California law. Plaintiff suffered wounds to his side, arms, wrists, legs and ankles as a result. Id. Following the second incident on May 21, 2017, plaintiff was transported by ambulance to the hospital for treatment. ECF No. 1 at 4.

Plaintiff also alleges that other unnamed officers from the Sheriff's Department were present during both incidents, but failed to intervene. ECF No. 1 at 4. El Dorado County Sheriff Agostini

and defendant Does 1-10 are also alleged to have failed to properly supervise and train Deputy Colburn on the use of force. ECF No. 1 at 6. Plaintiff also sues El Dorado County based on "the blue wall of silence or blue code among deputies and employees of the El Dorado County Sheriff's Department." ECF No. 1 at 8. By way of relief, plaintiff is seeking monetary and punitive damages.

### III. Analysis

Plaintiff's complaint states a cognizable claim for the excessive use of force under the Fourth Amendment and 28 U.S.C. § 1915A(b) against defendant Deputy Colburn. See Graham v. Connor, 490 U.S. 386, 395 (1989). The complaint appears to allege a separate cause of action for assault and battery under California law. Since the Fourth Amendment claim against defendant Deputy Colburn is cognizable, the state law claim for assault and battery against him is also cognizable. In any civil action in which the district court has original jurisdiction, the district court also has supplemental jurisdiction over all other claims that are part of the same case or controversy except as provided in subsections (b) and (c) of 28 U.S.C. § 1367. Since the court has found a cognizable excessive force claim against defendant Deputy Colburn, the court will exercise its discretion to retain supplemental jurisdiction over the assault and battery claim under California law. See Acri v. Varian Assoc., Inc., 114 F.3d 999 (9th Cir. 1997) (en banc) (holding that once original jurisdiction is established, a district court may exercise supplemental jurisdiction over state law claims "without sua sponte addressing whether it should be declined under § 1367(c).").

However, the claims against the remaining defendants fail to state a claim upon which relief may be granted for the reasons outlined below. The court will grant leave to amend because it appears that plaintiff may be able to allege facts to remedy the deficiencies in the remaining claims.

### A. Municipal Liability

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). However, a city or county may not be held vicariously liable for the

unconstitutional acts of its employees under the theory of respondeat superior. See Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. No. 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

The only specific policy that plaintiff identifies in his complaint is one pertaining to a "blue wall of silence or blue code." However, plaintiff fails to explain how this "blue code" amounts to a policy or custom of inaction that would render the municipality liable. See Monell, 436 U.S. at 691; Pembaur v. City of Cincinnati, 475 U.S. 469, 481-482 n. 10 (1986); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (stating that "[l]iability for [an] improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out that policy."). Additionally, the allegations in the complaint fail to show that this policy was the moving force behind the violation of plaintiff's constitutional rights. Plumeau, 130 F.3d at 438. Merely alleging a code of silence, even at the pleading stage, is not sufficient to state a cognizable claim for municipal liability that is consistent with Rule 8(a)(2) of the Federal Rules of Civil Procedure or Monell. See Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasizing that a complaint alleging a Monell claim "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). However, the court will grant plaintiff leave to amend the Monell claim against defendant El Dorado County.

**B. Doe Defendants**

Plaintiff also identifies Does 1-10 as defendants in this action. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown

1  defendants through discovery, unless it is clear that discovery will not reveal their identities or the

2  complaint must be dismissed for other reasons. Id. "While Doe pleading is disfavored, it is not

3  prohibited in federal practice." Lopes v. Vieira, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). The

4  federal rules also provide for dismissing unnamed defendants that, absent good cause, are not

5  served within 90 days of the complaint. See Fed. R. Civ. P. 4(m). Since the complaint alleges

6  one cause of action against defendant Deputy Colburn, plaintiff will have the opportunity to

7  identify the names of the other officers at the scene of the two incidents through discovery and to

8  amend the complaint once the Doe defendants are identified.

### IV. Leave to Amend

For the reasons set forth above, the court finds that the only cognizable claims in the complaint are a Fourth Amendment excessive force claim and a state law claim for assault and battery against defendant Deputy Colburn. However, it appears that plaintiff may be able to allege facts to remedy the deficiencies with respect to the remaining claims. Plaintiff will be given sufficient time to amend his complaint to cure the deficiencies set forth above if he so chooses. Plaintiff is not required to file an amended complaint, and may instead choose to proceed with service of process on the Fourth Amendment and state law claims against defendant Deputy Colburn.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on the Fourth Amendment and state law claims, the court will send him the necessary forms for service of the complaint. A decision to go forward without amending the complaint will result in a recommendation that all the other claims against the additional defendants be dismissed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.

Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.      Plain Language Summary for Pro Se Party**

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state valid claims for relief and some do not. Your allegations against defendant Deputy Colburn for the excessive use of force and for assault and battery are sufficient to proceed.

You can either (1) proceed immediately on your claims against defendant Deputy Colburn; or (2) try to amend the complaint to fix your claims against the remaining defendants. If you want to go forward without fixing the complaint, the undersigned will recommend dismissing all of your claims against the remaining defendants.

If you choose to fix your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. Any claims and information not in the amended complaint will not be considered. You must complete the attached notification showing what you want to do next and return it to the court within twenty-one days from the date of this order. Once the court receives the notice, it will issue an order

telling you what you need to do next (i.e. file an amended complaint or complete and return service paperwork).

    In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff has the option to: 1) proceed immediately on his Fourth Amendment excessive force and state law assault and battery claims against defendant Deputy Colburn; or, 2) amend the complaint to fix the deficiencies identified in this order.

    2. Within twenty-one days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

Dated: May 31, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mich2584.1.fee.option.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DAVID MICHOFF,<br><br>        Plaintiff,<br><br>v.<br><br>EL DORADO COUNTY, et al.,<br><br>        Defendants. | No. 2:17-cv-02584 CKD P<br><br>PLAINTIFF'S NOTICE ON<br><br>HOW TO PROCEED |

 Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Fourth Amendment excessive force claim as well as his state law claim for assault and battery against defendant Deputy Colburn.

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

                                                                                     ____                 _____
                                                                                    Plaintiff