UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DAVID MICHOFF, | No. 2:17-cv-02584 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| EL DORADO COUNTY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. On May 31, 2018 the court screened plaintiff's complaint and found that it stated a cognizable Fourth Amendment excessive force claim as well as a state law claim for assault and battery against defendant Deputy Colburn. See ECF No. 5. However, in the same order, plaintiff was granted leave to amend the remaining claims. Id. Plaintiff was ordered to notify the court whether he wanted to proceed to serve defendant Colburn or whether he wanted time to file an amended complaint. He was warned that "[a] decision to go forward without amending the complaint will result in a recommendation that all the other claims against the additional defendants be dismissed." ECF No. 5 at 5. On July 6, 2018, the undersigned issued Findings and Recommendations that defendants John Agostini, El Dorado County, and the El Dorado County Sheriff's Department be dismissed without prejudice for failing to state a claim upon which relief can be granted. ECF No. 8.

1

Plaintiff has filed pleadings indicating his intention to proceed immediately on the cognizable claims against defendant Colburn as well as his desire to file an amended complaint. Compare ECF No. 7 (notice of intention to proceed immediately with claims against defendant Colburn) and 10 (completed service documents for defendant Colburn) with ECF No. 12 (Objections to Findings and Recommendations indicating a desire to amend complaint). In light of plaintiff's contradictory and confusing pleadings, the court will vacate the July 6, 2018 Findings and Recommendations and grant plaintiff 30 days in which to file a first amended complaint. Plaintiff is advised that any failure to file a first amended complaint will result in a new recommendation that the original complaint proceed only on the cognizable claims against defendant Colburn and that the remaining defendants be dismissed.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make any amended complaint complete. Local Rule 220 requires that a first amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a first amended complaint, the original pleading no longer serves any function in the case. Therefore, in a first amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. The July 6, 2018 Findings and Recommendations are hereby vacated.
2. Plaintiff is granted 30 days from the date of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the first amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the first amended complaint.

Dated: September 12, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mich2584.vacateF&R.docx